IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| EDUARDO MONTANA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | EP-10-CV-212-KC |
| § | |
| PATRICK R. DONAHOE, § | |
| POSTMASTER GENERAL, § | |
| § | |
| Defendant. § | |

## ORDER

On this day, the Court considered "Plaintiff's Objections to Defendant's Bill of Costs" ("Motion"), ECF No. 34. For the reasons set forth below, Plaintiff's Motion is **GRANTED** in part and **DENIED** in part.

### I.  BACKGROUND

On June 9, 2010, Plaintiff Eduardo Montana filed suit alleging that Defendant violated the Rehabilitation Act, 29 U.S.C. §§ 701-96l ("Rehabilitation Act"). Compl. 1, ECF No. 1. Plaintiff alleged that Defendant failed to engage in an interactive process to find reasonable accommodations for Plaintiff, and that Defendant failed to provide reasonable accommodations. Compl. 1.

Plaintiff has been a letter carrier for the United States Postal Service ("USPS") since 1986. *Montana v. Donahoe*, No. EP–10–CV–212–KC, 2011 WL 3862213, at *1 (W.D. Tex. Sept. 1, 2011). During his employment, Plaintiff suffered two on-the-job injuries. *Id.* The first was in 1998 when he injured his neck and hand after a cabinet fell on him. *Id.* The second was

1

in 2008, when Plaintiff injured his back while escaping from a dog attack. *Id.* Because of these injuries, Plaintiff needed accommodations at work. *See id.* at *1-3.

On July 5, 2011, Defendant filed a motion to dismiss, or in the alternative, a motion for summary judgment. Def.'s Mot. to Dismiss, or in the Alternative, Mot. for Summ. J. ("Def.'s Summ. J. Mot.") 1, ECF No. 21. On September 1, 2011, the Court granted summary judgment and held that Defendant had engaged in an interactive process and had provided reasonable accommodations. *Montana*, 2011 WL 3862213, at *11, *13.

## II.    DISCUSSION

### A.    Standard

Federal Rule of Civil Procedure 54(d) states: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Accordingly, there is a strong presumption that the court will award costs to the prevailing party. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Walters v. Roadway Express, Inc.*, 557 F.2d 521 (5th Cir. 1977)). Fifth Circuit law dictates that a prevailing party is prima facie entitled to costs, and it is the losing party's burden to overcome this presumption. *Id.* As such, when a trial court exercises its discretion to deny costs, it is usually done as a penalty for some conduct during the course of litigation. *Id.*

Federal courts may only award costs authorized by statute. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) ("[A] district court may decline to award the costs listed in the statute but may not award costs omitted from the list."). Title 28 U.S.C. § 1920 is the general provision for

recovery of costs. *See Crawford*, 482 U.S. at 439-40. The statute lists six categories of recoverable costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### B. Analysis

Plaintiff challenges the following costs: (1) scans of Plaintiff's x-rays, (2) the notary fees for medical records, (3) copies of Plaintiff's medical bills, and (4) copies of the EEO Report and Plaintiff's personnel file. Mot. 2-3. Defendant justifies these costs under 28 U.S.C. § 1920(2), for the cost of transcripts, and 28 U.S.C. § 1920(4), for the cost of copies. Bill of Costs 1, ECF No. 33.[1]

Here, it is undisputed that Defendant is the prevailing party — the Court granted Defendant's summary judgment motion that ended the case. *Montana*, 2011 WL 3862213, at *13; *see* Mot. 1. Thus, Rule 54(d) directs the Court to examine whether a specific statute or the fallback provisions of Rule 54(d) and 28 U.S.C. § 1920 govern the award of costs. *See* Fed. R. Civ. P. 54(d). Plaintiff's lawsuit was based on the Rehabilitation Act. Compl. 1. The Rehabilitation Act allows a prevailing party to recover costs, but does not have specific

---

[1] To assist the reader in finding citations, the Court references the page numbers that the CM/ECF docketing system generates.

guidelines. *See* 29 U.S.C. § 794a(b). Therefore, Rule 54(d) and 28 U.S.C. § 1920 govern. *Cf. Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (applying 28 U.S.C. § 1920 to a Title VII claim); *see also Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1052-53 (9th Cir. 2009) (noting the similarity of the cost provisions of Title VII and the Rehabilitation Act, and holding that the same standards apply); *Raspanti v. Dep't of the Army*, No. Civ. A. 00-2379, 2001 WL 1081375, at *1, *12-14 (E.D. La. Sept.10, 2001) (applying 28 U.S.C. § 1920 to a Rehabilitation Act claim).

Both 28 U.S.C. § 1920(2) and 28 U.S.C. § 1920(4) provide for recovery of costs only if the materials were "necessarily obtained for use in the case" — i.e. the materials must be "obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel." *See* 28 U.S.C. §§ 1920(2), (4); *Fogelman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Whether a document has been "necessarily obtained for use in the case" is a highly factual inquiry in which the district court is afforded broad discretion. *Rundus v. City of Dall., Tex.*, 634 F.3d 309, 316 (5th Cir. 2011); *Fogelman*, 920 F.2d at 285.

   1.   **Scans of the x-rays**

Plaintiff argues that the Court should deny taxing the $702 cost of duplicating Plaintiff's x-rays because it was not necessary. Mot. 2. Plaintiff specifically argues that Defendant did not need the actual x-rays because Defendant had obtained the written medical records. Mot. 2. The Court disagrees.

First, the actual x-rays likely gave Defendant specific information about the extent of Plaintiff's injuries and limitations that the written medical records could not provide. And information about the extent of Plaintiff's limitations was critical in evaluating whether

Defendant had sufficiently accommodated Plaintiff. *See Montana*, 2011 WL 3862213, at *12-13. Therefore, the x-rays were reasonably necessary for use in the case. Moreover, it is not uncommon for a defendant to seek the actual x-rays and later seek reimbursement for the cost of duplication. *See, e.g.*, *Delgaicco v. State Farm Mut. Auto. Ins. Co.*, No. 1:04CV652-LG-RHW, 2007 WL 4532131, at *2 (S.D. Miss. Dec. 18, 2007) (granting recovery of costs for duplication of x-rays ); *Bellino v. Mineta*, No. 04 C 7686, 2007 WL 2317202, at *3 (N.D. Ill. Aug. 7, 2007) (granting recovery of costs for duplication of x-rays in a Rehabilitation Act case). Therefore, the Court holds that Plaintiff has failed to overcome the presumption that Defendant is entitled to the costs of reproducing the x-rays.

    2.    **Notary Fees**

Plaintiff argues the Court should deny the $12 cost of notarizing the medical and billing records of Dr. Raul Jimenez. Mot. 2. The Court agrees.

Although there is a presumption that a prevailing party will be awarded costs, the presumption only applies if a statue authorizes reimbursement for that specific cost. *See Crawford*, 482 U.S. at 441-42; *Coats*, 5 F.3d at 891; *Schwarz*, 767 F.2d at 131. Here, 28 U.S.C. § 1920 does not list notary fees as a recoverable cost. That said, there are cases that allow a notary fee for depositions under the rationale that the notary fee is part of the cost of a deposition. *See, e.g., Scallet v. Rosenblum*, 176 F.R.D. 522, 526 (W.D. Va. 1997); *Rosser v. Pipefitters Union Local 392*, 885 F. Supp. 1068, 1071 (S.D. Ohio 1995). However, there is no indication that the notarized records of Dr. Jimenez were part of a deposition. Moreover, Defendant sought records from Dr. Romagosa, Dr. Thomas, Dr. Urrea, and from the Concentra Medical Center.

Bill of Costs Attach. No. 1, at 5-13, ECF No. 33-1.[2] And in none of those did Defendant seek to have the records notarized. *Id.* Defendant only notarized the records of Dr. Jimenez — without any explanation of why it was necessary or what law justifies shifting the cost to Plaintiff. Therefore, the Court holds that Defendant should not be awarded notary fees.

### 3.     Copies of Plaintiff's medical bills

Plaintiff argues that the Court should not tax the cost of copying Plaintiff's medical bills because Defendant had the actual medical records. Mot. 2-3. The Court disagrees.

Similar to the x-rays, the medical bills likely provided Defendant with a complete picture of Plaintiff's medical history. *See Anderson v. Siemens Med. Sys., Inc.*, No. 3-98-CV-1850-, 2002 WL 199878, at *5 (N.D. Tex. Feb. 7, 2002) (permitting recovery of cost of copying medical bills in a personal injury case). That medical history was critical for Defendant's case and for the Court to determine whether Defendant had sufficiently accommodated Plaintiff. *See Montana*, 2011 WL 3862213, at *12-13. Therefore, the Court holds that Plaintiff has failed to overcome the presumption that Defendant is entitled to the costs of obtaining the medical bills.

### 4.     Copies of EEO report and personnel file

Finally, Plaintiff argues that Defendant did not need to spend $106.65 for copies of the EEO Report of Investigation and Plaintiff's personnel file. Mot. 3. Accordingly, Plaintiff argues the Court should not tax these costs. Mot. 3. The Court disagrees for three reasons.

First, it appears that both the EEO Report and Plaintiff's personnel file were used in Defendant's Motion for Summary Judgment. *See* Def.'s Summ. J. Mot. Exs. 5-6, 16, 18-19.

---

[2]     To assist the reader in finding citations, the Court references the page numbers that the CM/ECF docketing system generates.

Thus, these documents were obtained for *actual* use in the case.  *See Fogelman*, 920 F.2d at 285 (implying that a document actually introduced into evidence will almost certainly satisfy "necessarily obtained for use in the case" standard).  Second, the EEO report was likely necessary to determine whether Plaintiff had exhausted his administrative remedies.  *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970) (holding that the administrative record is crucial to determining the scope of exhaustion).  Third, the personnel file and the EEO report likely provided Defendant with information on three critical issues in the case — the need for accommodations, the presence or lack of an interactive process, and the extent of the accommodations provided to Plaintiff.  *See Montana*, 2011 WL 3862213, at *10-13.  Therefore, the Court holds that Plaintiff has failed to overcome the presumption that Defendant is entitled to the costs of copying the EEO Report and Plaintiff's personnel file.

### III.   CONCLUSION

For the foregoing reasons the Motion is **GRANTED** in part and **DENIED** in part.  The Motion is **GRANTED** with respect to the cost of notarizing the medical records.  The Motion is **DENIED** in all other respects.  Accordingly, Plaintiff shall be taxed $2,972.82 — $12 subtracted from the $2,984.82 requested by Defendant.

**SO ORDERED**.

**SIGNED** on this 30th day of November, 2011.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE